SANFORD L. MICHELMAN, ESQ., SBN 179702
(smichelman@mrllp.com)
MONA Z. HANNA, ESQ., SBN 131439
(mhanna@mrllp.com)
JESSE J. CONTRERAS, ESQ., SBN 190538
(jcontreras@mrllp.com)
MICHELMAN & ROBINSON, LLP
15760 Ventura Boulevard, 5th Floor
Encino, CA 91436
Telephone: (818) 783-5530
Facsimile: (818) 783-5507

*Attorneys for Defendants Rightscorp, Inc., Christopher Sabec, Robert Steele, Craig Harmon, and Dennis J. Hawk*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Blaha,* individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Rightscorp, Inc., a Nevada Corporation, formerly known as Stevia Agritech Corp.; Rightscorp, Inc., a Delaware Corporation; Christopher Sabec, an individual; Robert Steele, an individual; Craig Harmon, an individual; Dennis J. Hawk, an individual; BMG Rights Management (US) LLC; Warner Bros. Entertainment Inc.; and John Does 1 to 10,<br><br>        Defendants.<br><br>[*Previously captioned with Karen J. Reif and Isaac Nesmith as lead Plaintiffs] | Case No.: 2:14-cv-9032-DSF-(JCGx)<br><br>Assigned to: Hon. Dale S. Fischer<br>United States District Judge<br><br>**DECLARATION OF DEFENDANT CRAIG HARMON IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(b)(2)**<br><br>Date: May 11, 2015<br>Time: 8:30 a.m.<br>Courtroom: 840<br><br>Complaint Filed: November 21, 2014<br>Trial Date: Not yet set |

# DECLARATION OF CRAIG HARMON

I, T. Craig Harmon, declare as follows:

1. I am a partner of McGuire Woods, LLP, based in Richmond, Virginia and outside counsel for Defendant Rightscorp, Inc. ("Rightscorp"). The facts set forth below are of my personal knowledge and if called to testify as a witness, I could and would competently testify thereto.

2. I live and practice law in Virginia. I have lived in Virginia since 1986. I was admitted to the Virginia Bar in 1986.

3. I am a partner of McGuire Woods, LLP, a limited liability partnership. I have been a partner of McGuire Woods since 1993. While McGuire Woods has an office in Los Angeles, California, I do not practice law there. I have never conducted any business in or from the firm's office in California. I operate my practice out of McGuire Wood's office in Richmond Virginia and have done so since 1986.

4. I am not presently and have never been counsel of record for any client prosecuting or defending a claim in a California court.

5. I have never personally filed a claim in any California court and other than this lawsuit have never been named as a defendant in any matter filed in a California court.

6. I lived in California for approximately 9 months in 1977 when I was 20 years old. I have not lived in California since that time.

7. I do not own property in California.

8. I do not maintain bank accounts in California.

9. I do not personally have employees in California and I do not supervise any McGuire Woods employees in California.

10. I do not personally solicit business in California.

11. I do not have a designated agent in the state of California.

12. I began providing legal services to Rightscorp in approximately 2011. As outside counsel, I generally counsel Rightscorp with respect to its intellectual property rights.

13. I am not and have never been an employee, officer or director of Rightscorp.

14. I am not involved with the operations of Rightscorp and have never been involved with the day-to-day management of Rightscorp.

15. I have never met any employee of Rightscorp other than Christopher Sabec and Robert Steele.

16. I have never met Dennis Hawk.

17. I have never attended a Rightscorp Board of Directors meeting and have never met any Director of Rightscorp other than Mr. Sabec and Mr Steele.

18. I have never instructed any employee of Rightscorp to take any action, nor have I ever had any authority to issue any such instruction.

19. I do not and have never had a personal contract for services with Rightscorp. Instead, McGuire Woods contracted with Rightscorp to provide legal services as outside counsel. I signed off on the engagement letter in my capacity as a partner with McGuire Woods.

20. I have never filed a California tax return with respect to income generated by my own activities. Since I am a partner at McGuire Woods and the law firm has a California office, I have in certain years filed a California tax return to report my share of the firm's California profits (but in most years since McGuire Woods acquired a California office, I have instead elected to allow the firm to file "composite" returns that include my information) Other than payments made by McGuire Woods on my behalf, I have never paid income taxes in California. Other than profits received as a partner of McGuire Woods, I have no other income that is connected with or reportable in California.

21.    Only once have I ever visited Rightscorp's California office. I took an approximately fifteen-minute tour of the office on the evening of December 5, 2012, after the office closed. There was no business conducted at that time.

22.    Prior to the filing of this lawsuit I had never heard terms such as "robo-call" or "automated call" used in connection with Rightscorp and had no actual knowledge of and no reason to suspect that Rightscorp might be responsible for the alleged telephone activities that give rise to the First Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of March, 2015 at Richmond, Virginia.

_____
T. Craig Harmon