UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 14-9032 DSF (JCGx) | Date | 5/8/15 |
|---|---|---|---|
| Title | John Blaha v. Rightscorp, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendant's Special Motion to Strike the Second Cause of Action (Dkt. No. 30, 35, 68)

Plaintiff's class action arises from numerous subpoenas sought by Defendants in federal court under a special provision of the Digital Millennium Copyright Act (DMCA), codified at 17 U.S.C. § 512(h). Defendants now move to strike the second cause of action for abuse of process relying on the California anti-SLAPP statute, California Code of Civil Procedure § 425.16. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

### I. The California Anti-SLAPP Statute Applies to Plaintiff's Abuse of Process Claim

Plaintiff first argues that § 425.16 does not apply at all to the abuse of process claim because the claim is a federal one. He argues that the claim "arises under" federal law because it involves abuse of a process (subpoenas) permitted by a particular federal statute.[1] But the Supreme Court has explicitly rejected the idea of a federal common law tort of abuse of process. "[I]t is difficult for us to see how the present statute, which only grants power to issue subpoenas implies a cause of action for abuse of that power.

---

[1] Plaintiff requested leave to file a surreply on this point and Defendants opposed and filed a reply to the surreply. While a surreply was probably not warranted under the circumstances, the Court has considered all arguments made in the filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Congress has not . . . left to federal courts the creation of a federal common law for abuse of process." Wheeldin v. Wheeler, 373 U.S. 647, 651-52 (1963).  And even if such an argument is not directly barred by Wheeldin, the "arising under" doctrine used by Plaintiff was developed in the context of federal question jurisdiction.  The Court is not convinced that it would block application of § 425.16 to an abuse of process claim even if that claim were sufficiently intertwined with federal law to provide federal question jurisdiction.  Finally, the application of the "arising under" doctrine does not favor Plaintiff's position.  A state law claim arises under federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  As will be seen in more detail below, contrary to Plaintiff's apparent belief, Plaintiff's claim does not rise or fall on any particular interpretation of 17 U.S.C. § 512(h).  In fact, Plaintiff's entire theory of liability is premised on the idea that there is no bona fide dispute about the interpretation of § 512(h) – Defendants are alleged to have knowingly and intentionally misused § 512(h) as it has been interpreted by all federal courts to have addressed the issue.[2]  Further, transformation of abuse of process claims involving federal process into federal claims threatens to federalize a substantial number of ordinary state tort claims and would upset the normal balance between federal and state courts.

**II.     Plaintiff's Abuse of Process Claim is Barred by the California Anti-SLAPP Statute**

    A.     Legal Standard

In analyzing an anti-SLAPP motion, a court must first decide "whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 819 (2011) (internal quotation marks omitted).  Under the statute, an
> "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:  (1) any written or oral statement or writing made before a

---

[2] Plaintiff suggests that this Court decided the issue in a previous action to quash one of the subpoenas in question.  This is incorrect.  The Court granted the petition to quash based on consent of the respondent as shown by a lack of opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

> legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Pro. § 425.16(e). "In deciding whether the 'arising from' requirement is met, a court considers the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." City of Cotati v. Cashman, 29 Cal. 4th 69, 79 (2002) (internal quotation marks omitted).

"If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim." Oasis West, 51 Cal. 4th at 819-20 (internal quotation marks omitted). To meet this requirement, "the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Id. at 820 (internal quotation marks omitted). Courts consider the pleadings and supporting and opposing affidavits, but do not make credibility determinations or compare the weight of the evidence. Id. Instead, courts "accept as true the evidence favorable to the plaintiff and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." Id. (internal quotation marks and brackets omitted).

"Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning *and* lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." Id. (internal quotation marks omitted).

  B. <u>Analysis</u>

There is no question that the complained of conduct satisfies the first prong of the anti-SLAPP statute. The entire claim is based on Defendants' representations to various

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

federal courts in order to convince those courts to issue subpoenas.[3] This kind of action is specifically defined as protected action by § 425.16(e).

The analysis then moves to the second prong – whether Plaintiff has demonstrated a probability of prevailing on the claim. "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006).

The first fatal deficiency in Plaintiff's abuse of process claim is that Plaintiff raises no ulterior motive in Defendants' use of the subpoenas. Whether or not § 512(h) subpoenas should validly be issued under the circumstances in which Defendants sought them, there is no allegation and no evidence that Defendants sought to do anything other than what their subpoena requests indicated – identify potential copyright infringers for the purpose of pursuing Defendants' rights under the Copyright Act. Plaintiff's extensive discussion of the elements of abuse of process, (see Opp'n at 7-12), can be summarized as a view that seeking and obtaining some form of court order that should not have been issued is sufficient to satisfy both elements of the abuse of process tort. But, despite extensive rhetoric, Plaintiff provides no authority for this view and the most relevant authority is against it. See Ion Equip. Corp. v. Nelson, 110 Cal. App. 3d 868, 876-77 (1980) ("Appellant attempts to infer an ulterior motive on respondents' part by alleging that issuance of the writ itself was improper because it was issued at a time when enforcement of a money judgment was stayed on appeal pursuant to Code of Civil Procedure section 917.1. Issuance of the writ may be improper, but since appellant's cause of action is framed as one for abuse of process, it must still sufficiently plead the elements necessary in establishing the tort."). Again, the only "ulterior motive" identified by Plaintiffs is the motive disclosed on the face of the subpoena requests. (See FAC, Ex. A. ¶ 2 ("The purpose of the accompanying Subpoena is to obtain the identity of the alleged copyright infringers . . . . The information obtained will be used only for the purposes of protecting the rights granted [under the Copyright Act].").)  A disclosed motive is, by definition, not ulterior.

The second fatal deficiency in Plaintiff's claim is that it is barred by the California litigation privilege. The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by

---

[3] Plaintiff refers to subpoenas being issued by Rightscorp. Courts issued the subpoenas; Rightscorp served them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Rusheen, 37 Cal. 4th at 1057.  The litigation privilege is validly used as a defense to abuse of process claims. Id. at 1058.  The entirety of Plaintiff's claim is based on communications by Defendants to various courts in order to acquire subpoenas.  Plaintiff's opposition misses the point by focusing on the later communications made by Defendants to the now-identified potential infringers.  But these communications are not the basis of the abuse of process claim; the complaint is clear that the abuse of process is alleged to have occurred when Defendants obtained (and served)[4] the subpoenas knowing that the subpoenas were improper under the law. (See FAC ¶¶ 93-97.)  Plaintiff provides no argument why those communications to the various courts in acquiring the subpoenas do not satisfy the four part test quoted above, perhaps because they obviously do.  While application of the litigation privilege narrows the scope of the abuse of process tort, California courts are well-aware of this and find it consistent with the public policy of the state.  See Rusheen, 37 Cal. 4th at 1063 ("But, despite Drum's concern for the potential abolishment of the common law tort of abuse of process, modern public policy seeks to encourage free access to the courts and finality of judgments by limiting derivative tort claims arising out of litigation-related misconduct and by favoring sanctions within the original lawsuit.") (internal citation omitted).

### III.   Conclusion

The motion to strike is GRANTED.  Attorney's fees and costs must be awarded under California Code of Civil Procedure § 425.16(c) and are granted subject to a properly noticed motion as to amount.  The parties are strongly encouraged to agree on a reasonable amount of fees and costs and should bear in mind that this Court reviews fee requests thoroughly and critically.  The Court's order regarding its requirements for attorney's fee motions is available on the Court's website under "Judge Fischer's Procedures and Schedules" contained in the Judges' Requirements tab.

IT IS SO ORDERED.

---

[4] Any attempt to avoid the litigation privilege by focusing on the service of the process, rather than obtaining it, is foreclosed in this context by Rusheen.  See 37 Cal. 4th at 1061-65 (claim related to execution of writ barred by litigation privilege where "gravamen of the action" was communicative acts in obtaining writ).