UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 14-9032 DSF (JCGx) | Date | 5/8/15 |
| Title | John Blaha v. Rightscorp, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 29)

Defendant Craig Harmon moves to dismiss the complaint against him for lack of personal jurisdiction. Plaintiff's opposition relies solely on specific jurisdiction. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." Id. "Second, the exercise of jurisdiction must comport with federal due process." Id. at 1404-05. Because California's long-arm statute reaches as far as due process allows, see C.C.P. § 410.10, the Court need only consider whether the exercise of jurisdiction comports with due process.

"Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. In analyzing this, the court should consider (1) whether the relationship arises out of contacts that the defendant himself created with the forum state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

and (2) whether the contacts are with the forum state itself rather than fortuitous contacts with people who happen to reside there. Id. at 1122.  The second aspect of the analysis is satisfied where defendants " have purposefully 'reached out beyond' their State and into another by, for example, entering a contractual relationship that envisioned continuing and wide-reaching contacts in the forum State." Id. (internal quotation marks omitted). "It is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." Id.

   Plaintiff has the burden of establishing that defendant has sufficient minimum contacts with California to satisfy due process. Doe, I v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).  Dismissal is appropriate if the plaintiff has not made a prima facie showing of personal jurisdiction. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).  In determining whether plaintiff has made this prima facie showing, "plaintiff need only demonstrate facts that if true would support jurisdiction over defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  If, however, the plaintiff successfully shows that "the defendant has purposefully directed his activities at forum residents, the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1400 (9th Cir. 1986) (internal quotation marks omitted).

   Harmon is a partner with McGuire Woods LLP.  He is based in Richmond, Virginia and practices there.  He does not have a California bar license and does not regularly practice law or solicit business in California.  As it relates to personal jurisdiction, the complaint alleges:

> Mr. Harmon purposefully established significant contact with the State of California by doing repeated, "general counsel" type work for Rightscorp, which he knew was based in California. On information and belief, Mr. Harmon purposefully entered into a contract with Rightscorp, which is activity directed at this forum, and which created continuing obligations between himself and Rightscorp, a resident of this forum. On information and belief, Mr. Harmon advised Rightscorp as to activity that he knew would be conducted in California, and would have an effect on residents of the State of California. Further, the claims against Mr. Harmon arise directly out of his work for Rightscorp. In addition, on information and belief, Mr. Harmon files a tax return in the State of California every year.

(FAC ¶ 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The complaint further alleges that "each of the Management Defendants manage and work at Rightscorp and had direct personal participation in or personally authorized the actions by Rightscorp that violate the TCPA." (FAC ¶ 87.) Harmon is alleged to be a "Management Defendant." (FAC ¶ 12.) However, Harmon specifically denies any role in the "alleged telephone activities that give rise to the First Amended Complaint," (Harmon Decl. ¶ 22), and Plaintiff provides no evidence to connect Harmon to those activities. Therefore, this part of the complaint need not be taken as true.

There appears to be no dispute that Rightscorp has its principal place of business in California or that Harmon tendered legal advice to Rightscorp's officers in California on an ongoing basis. Plaintiff has also presented evidence that Rightscorp held Harmon out as its "general counsel." Much of the briefing is taken up by an extensive, unproductive dispute over whether Harmon is "general counsel" for Rightscorp. Ultimately this has little effect on the analysis. Harmon admits that he has an ongoing relationship as outside counsel to Rightscorp with respect to intellectual property matters. And even if Harmon were an employee of Rightscorp, it would not mean that there would be personal jurisdiction over him in California simply due to that employment relationship. Although Rightscorp's contract is with Harmon's firm rather than Harmon personally, Harmon performs the actual work for Rightscorp and was the partner that signed the engagement letter on behalf of the firm. There also is little question that Harmon's work for Rightscorp implicates the general subject matter of this suit – the manner in which Rightscorp enforces its purported intellectual property rights and those of its clients. Nor is there any dispute that the purported actions by Defendants that are the basis of this suit, if they actually happened, resulted in some effects in California.

The issue is not easily resolved and, unfortunately, neither party's briefing is very persuasive. On the one hand, Harmon maintained an ongoing attorney-client relationship with a forum resident and (possibly) actions were taken in the forum state that were related to the advice given in that relationship. But it also appears to be true that Harmon's role in the complained-of acts is fairly general. There is no evidence that Harmon was involved in any specific acts directed toward any of the class members in California. Rightscorp is based in California, but this fact is not particularly relevant to the merits of the case – that is, the case involves nationwide conduct, not anything specific to California. On that view, Harmon's contact with California looks more fortuitous – his advice has little to do with California other than that his client happens to be there.

It is a close question, but the Court finds the latter view more persuasive. Ultimately, the acts alleged to have been taken by Harmon have little to do with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

California.  The only facts presented to the Court show Harmon lives and practices in Virginia and his only connection to California is that one of his clients - Rightscorp - is based here.  There is no allegation or evidence that Harmon solicited California business and he specifically denies soliciting California business.  (Harmon Decl. ¶ 10.)  Plaintiff has demonstrated nothing more than that Harmon provides general intellectual property advice to Rightscorp, which happens to be based here.  And while Rightscorp has taken certain measures in California, there is no evidence – or even an allegation – that Harmon's advice is somehow California-specific rather than advice that applies throughout the United States.  Even then, jurisdiction over Harmon cannot be established based on the acts of co-defendant Rightscorp.  Personal jurisdiction over each defendant is a separate inquiry, and Harmon himself has to have established a substantial connection with the forum relating to the subject matter of the suit.  See Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990).  In short, Harmon's connection to California solely through his client, Rightscorp, is the kind of fortuitous contact with a forum that does not provide the kind of substantial connection with the forum needed for the exercise of personal jurisdiction.

      The motion to dismiss is GRANTED.

      IT IS SO ORDERED.