# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Blaha, individually and on behalf of others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>Rightscorp, Inc., a Nevada corporation, f/k/a Stevia Agritech Corp.; Rightscorp, Inc., a Delaware corporation; Christopher Sabec; Robert Steele; Craig Harmon; Dennis J. Hawk; BMG Rights Management (US) LLC; Warner Bros. Entertainment Inc.; and John Does 1 to 10,<br><br>     Defendants. | Case No.: 2:14-cv-9032-DSF-(JCGx)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS** |

A class action is pending in this Court entitled *John Blaha v. Rightscorp, Inc., et al.*, Case No. 2:14-cv-9032-DSF-(JCGx) (C.D. Cal.) (the Action);

The parties to the Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement lodged with this Court (the Agreement), and the Parties now request preliminary certification of a Fed. R. Civ. P. 23(b)(3) settlement class and preliminary approval of the proposed class action settlement;

This Court has reviewed the Agreement, as well as the files, records, and proceedings to date;

For the purposes of this Order, capitalized terms below shall have the same meaning ascribed to them in the Agreement, unless otherwise defined; and

Based on the Court's review of the Agreement and all of the files, records, and proceedings, the Court concludes, on preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and Settlement are fair, reasonable, and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based on the Agreement.

THEREFORE, IT IS ORDERED:

1. Preliminary Approval of Proposed Settlement

The Agreement, including all exhibits, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from arm's length negotiations; (b) Plaintiff and Defendants have entered into the Agreement and (c) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2. <u>Class Certification for Settlement Purposes Only</u>

Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All natural persons residing in the United States, who, during the period four years prior to the date of filing this action, Rightscorp called or caused to be called at their cellular telephone numbers(s), using: (i) an artificial or pre-recorded voice; and/or (ii) equipment with the capacity to dial numbers without human intervention.

Excluded from the Settlement Class are Defendants, and any of their subsidiaries, affiliates, officers, directors, agents, representatives, predecessors, successors, assigns, and family members, Class Counsel, the judge to whom the Action is assigned, and any member of the judge's staff or member of the judge's immediate family, as well as all persons who have timely elected to opt out of the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There are questions of law and fact common to the Settlement Class members for purposes of determining whether this Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the proposed Settlement;

(d) Plaintiff is capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

(e) For the purposes of determining whether the Settlement is fair, reasonable, and adequate, common questions of law predominate over questions affecting only individual Settlement Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement representation; and

(f) For the purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of

the claims of the Settlement Class members.

3. Final Approval of Settlement Hearing

A final approval hearing shall be held before the Honorable Dale S. Fischer, at the United States District Court, Central District of California, 255 East Temple Street, Courtroom 840, Los Angeles, CA 90012, on November 14, 2016 at 1:30 p.m., as set forth in the notice to the Settlement Class to determine whether the Agreement is fair, reasonable and adequate and should be approved. The Motion for Final Approval shall be filed by September 12, 2016.  After the final approval hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released TCPA Claims being settled.

4. Class Representative

Plaintiff John Blaha is designated the class representative for the Settlement Class.

5. Class Counsel

The Court appoints Roxborough, Pomerance, Nye & Adreani, LLP and The Pietz Law Firm as counsel for the Settlement Class. The court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6. Class Notice

The Court approves the form and substance of the proposed notice procedure set forth in the Agreement.  As provided in the Agreement, within seven (7) business days from the entry of this Order, Defendant Rightscorp, Inc. (Rightscorp) will provide a Class List to Simpluris, the Settlement Administrator (whose costs are not to exceed $25,000.00).  The Settlement Administrator will create a Settlement Website which shall contain relevant documents and information regarding the Settlement, including this Agreement, within five business days from the entry of this Order.  The Court approves of the Long Form Class Notice, attached as Exhibit B to the Agreement, which shall be posted no later than five business days from the entry of this Order. The Court approves of the Class Notice attached as Exhibit A to the Agreement, which the Settlement

Administrator will send to Settlement Class Members within 25 business days from the entry of this Order. The Settlement Administrator will track all Class Notice mail that is returned as undeliverable and will promptly forward the Class Notice to Settlement Class Members with ascertainable forwarding addresses. The Court further approves of the Opt-Out Form attached as Exhibit C to the Agreement, which will be posted on the Settlement Website. The Court finds the Notice program set forth in the Agreement is: (a) the best practicable notice; (b) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action and of their right to object or to exclude themselves from the proposed settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) meets the applicable requirements set forth by law.

7. <u>Exclusion from the Settlement Class</u>

(a) Settlement Class Members who wish to exclude themselves from the Settlement Class must submit a timely and complete opt-out request no later than 45 days after the Class Notice Date by submitting an online Opt-Out Form electronically through the Settlement Website or by mailing the Settlement Administrator the Opt-Out Form postmarked no later than 45 days from the Class Notice Date;

(b) Settlement Class Members who do not submit a timely Opt-Out Form will be bound by all proceedings, orders, and judgments in this Action;

(c) Any Settlement Class Member who has previously opted out of the Settlement Class may rejoin the Settlement Class by providing written notice to the Settlement Administrator no later than 14 days after the Final Approval Hearing; and

(d) The Settlement Administrator will provide the Opt-Out List to Class Counsel and Defense Counsel no later than seven business days after the completion of the 45-day period in which the Settlement Class Members may exclude themselves, and will file a declaration with the Court at least 14 days before the Final Approval Hearing attesting to the completeness and accuracy thereof and attaching a copy of all objections received.

8. <u>Declaration to be Filed Regarding Notice</u>

The Settlement Administrator will file proof of dissemination of the Class Notice at least 14 days before the Final Approval Hearing.

9. <u>Settlement Administration Post Office Box</u>

The Settlement Administrator will establish a post office box in the name of the Settlement Administrator, which will be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications. Only the Settlement Administrator, Class Counsel, Defense Counsel, and Defendant and their designated agents shall have access to this post office box except as provided in the Agreement or ordered by the Court. The Settlement Administrator will promptly furnish Class Counsel, Defense Counsel, and Defendant with copies of any and all opt-out requests, objections, notices of intention to appear, or other communications from the Settlement Class Members, except as provided in the Agreement.

10. <u>Objections and Appearances</u>

(a) Any Settlement Class Member who has not timely submitted a valid Opt-Out Form and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or to Class Counsel's Application for Attorneys' Fees or to the Representative Plaintiff's proposed Incentive Award, must serve the Settlement Administrator a signed statement of their objections no later than 65 days after the Class Notice Date;

(b) The statement of objection must include the following information:

(i) The objector's full name, address, email, and mobile telephone number;

(ii) A written statement of all grounds for the objections accompanied by any legal support for such objections;

(iii) Copies of any papers, briefs, or other documents on which the objection is based;

(iv) A written statement as to whether the objector intends to appear at

the Final Approval Hearing;

   (v) A declaration setting forth any other objections submitted by the objector, or the objector's counsel, to any class action settlement submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years; and

   (vi) If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing;

 (c) Any Settlement Class Members who do not timely submit written objections to the Agreement and a notice of intent to appear at the final approval hearing will be foreclosed from seeking a review or adjudication of the Agreement by appeal or otherwise;

 (d) Any attorney hired by a Settlement Class member will be at the sole expense of the Settlement Class Member for the purposes of objecting to the Agreement, the attorneys' fee award, or to the proposed Settlement. The objector's attorney shall provide the Settlement Administrator and file with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing no later than 30 days before the Final Approval Hearing. The Settlement Administrator will forward any notice of intention to appear at the Final Approval Hearing to Class Counsel and Defense Counsel; and

 (e) The Settlement Administrator shall provide a list of objectors to Class Counsel and Defense Counsel no later than seven business days after the deadline to file an objection. The Settlement Administrator shall file a declaration with the Court at least 14 days before the Final Approval Hearing attesting to the completeness and the accuracy of the list of objectors and attaching a copy of all objections received.

1  **IT IS SO ORDERED.**
2
3      **6/24/16**
4  Dated: _____     _____
5                                 THE HONORABLE DALE S. FISCHER
                                   UNITED STATES DISTRICT JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28