JS 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Blaha, individually and on behalf of others similarly situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>Rightscorp, Inc., etc., et al,<br><br>               Defendants. | Case No. 14-cv-9032-DSF(JCGx)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Having considered the Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class, the Motion for Attorneys' Fees and Costs to Class Counsel and Incentive Award to Plaintiff (Dkt. No. 103), the Settlement Agreement[1], the pleadings and other papers filed in this action, and all of the arguments and evidence presented at the Final Approval Hearing held on November 14, 2016, and for good cause shown, IT IS ORDERED:

1. **The Court Certifies a Settlement Class for Purposes of this Settlement**

Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies the following Settlement Class:

> All natural persons residing in the United States, who, during the period four years prior to the date of filing this action, Rightscorp called or caused to be called at their cellular telephone numbers(s), using: (i) an artificial or pre-recorded voice; and/or (ii) equipment with the capacity to dial numbers without human intervention.

Defendants, and any of their subsidiaries, affiliates, officers, directors, agents, representatives, predecessors, successors, assigns, and family members, Class Counsel, the judge to whom the Action is assigned and any members of the judge's staff or member of the judge's immediate family, as well as all persons who have timely elected to opt out of the Settlement Class are excluded.

In connection with certification, the Court makes the following findings:

(a)     The Settlement Class is so numerous that joinder of all members is impracticable;

(b)     There are questions of law and fact common to the Settlement Class

---

[1] The final Settlement Agreement referenced throughout this Order is attached as Exhibit A to the Declaration of Trevor R. Witt filed on June 17, 2016. (Dkt. No. 99-1.) Capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement unless otherwise defined.

members;

(c)     Plaintiff's claims are typical of the claims being resolved through the settlement;

(d)     Plaintiff has fairly and adequately protected the interests of the Settlement Class Members in connection with the settlement;

(e)     Common questions of law predominate over questions affecting only individual Settlement Members.  Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement representation;

(f)     Certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class members; and

(g)     The Court finds that Class Counsel and Named Plaintiff adequately represented the Settlement Class for purposes of entering into and implementing the settlement and the Agreement.

**2.     <u>The Settlement Is Fair, Reasonable, and Adequate as to All Parties</u>**

The Court finds that the Agreement is fair, reasonable, and adequate as to all Parties and is in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties, and directs the Parties and their counsel to implement and consummate the Agreement in accordance with its terms and provisions.

**3.     <u>Notice to Class Members Is Reasonable and Adequate</u>**

The Court finds that the Class Notice sent to Settlement Class Members: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Lawsuit, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing, and of their right to monetary and other relief; (iii) constituted reasonable, due, adequate, and

sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and any other applicable law.

### 4. Attorneys' Fees Award to Class Counsel and Incentive Award to Named Plaintiff

The Court finds that because of the unique nature of the case, it is impossible to determine a reasonable estimate of the benefit received by the Settlement Class. Therefore, the lodestar method is the only viable method of determining an appropriate attorneys' fee award.  Having performed a line-by-line review of the records submitted, the Court concludes that, although some of the time recorded was excessive, the total amount sought - $300,000 - is appropriate.  The Court finds that not all of counsel's expenses are adequately documented.  (The Court notes that counsel failed to comply with this Court's Order re Format of Time and Expense Records in several respects.  The Court also does not find the *Laffey Matrix* particularly persuasive when determining a reasonable hourly rate.)  Counsel are to provide copies of receipts for appropriate expenditures and to explain the manner of calculating such expenses as online legal research before the Court will issue an award for costs.  The Court finds that there is inadequate support to justify the requested incentive payment of $5,000.  Mr. Blaha's brief declaration contains far less information about his contribution than the Court generally receives from class representatives.  The most Mr. Blaha was able to say about his contribution was that he provided documents and information to counsel concerning his own "robo calls," and that he "met with counsel" and "made [himself] available" on several occasions.  The Court finds that a payment of $750 in addition to the benefits received as a result of the settlement is appropriate in light of the vague description of the time and services provided.

### 5. Dismissal of "Doe" Defendants

The Court dismisses all "Doe" Defendants from the Lawsuit.

**6.** <u>**The Agreement and this Order is Binding**</u>

The Court declares the Agreement and this Order to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the TCPA Release (as set forth in Paragraph 1.37 of the Agreement) maintained by or on behalf of Named Plaintiff and all other Settlement Class Members, as well as their agents, heirs, executors or administrators, successors, and assigns.

As of the Effective Date, Named Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class shall be barred from asserting any Released TCPA Claims against Defendants and any TCPA Releasee, and shall have released any and all Released TCPA Claims against Defendants and all TCPA Releasees.  Named Plaintiff and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendants and the TCPA Releasees.

Further, the Agreement and the settlement provided for here and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any TCPA Releasee of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Agreement and the settlement provided for here in such proceedings as may be necessary to effectuate the Agreement.

The Agreement and the settlement provided for here and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Named Plaintiff or any Settlement Class Member or any Copyright Releasee of the appropriateness or viability of any copyright claims asserted as a counterclaim to a cause of action under

the TCPA in active litigation and trial; provided, however, that reference may be made to this Agreement and the settlement provided for here in such proceedings as may be necessary to effectuate this Agreement.

The Court bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class (i) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding against Defendant in any jurisdiction based on or arising out of the claims and causes of action asserted in the Lawsuit and the Released TCPA Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding against any Defendant or any combination of Defendants as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action asserted in the Lawsuit or the Released TCPA Claims; and (iii) from organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) against any Defendant or any combination of Defendants based on, relating to, or arising out of the claims and causes of action asserted in the Lawsuit or the Released TCPA Claims.

By way of this Order, Named Plaintiff and any Copyright Releasee are released from any lawsuit, claim, administrative proceeding, regulatory proceeding, or other action that could be brought, filed, or initiated by Rightscorp, BMG, or Warner Bros. in any jurisdiction based on, arising out of, or related to the Released Copyright Claims.

The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by this Order; provided that any Opt-Out who subsequently provides written notice to the Settlement Administrator within 14 days of the Final Approval Hearing that he or she is rejoining the Settlement Class shall be deemed to be a Settlement Class Member and therefore bound by this Order and entitled to the benefits of the settlement as described here.

**7.     Final Administration of the Settlement**

The Court orders the Settlement Administrator to take all steps necessary to create the Settlement Fund and distribute the monies in accordance with the Agreement and the Court's Orders pertaining to the settlement.

The Court reserves jurisdiction over the Settlement Administrator, Defendants, the Named Plaintiff, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the settlement and Order for any other necessary purposes.

**8.     Amendments, Modifications, and Expansions of the Agreement and Exhibits**

The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Agreement and all its Exhibits that (i) shall be consistent in all material respects with this Order and (ii) do not limit the rights of the Parties or Settlement Class Members.

**9.     Dismissal of the Lawsuit**

The Court dismisses the Lawsuit (including all individual and class claims presented) on the merits as to Defendants with prejudice and without fees or costs except as provided here, or in a subsequent order awarding costs.

**IT IS SO ORDERED.**


       **11/28/16**

Dated: _____

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE